UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS E. SMITH, III, | Civil No. 04-1592 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| ROCKWELL COLLINS, INC., | |
| Defendant. | |

Tammy P. Friederichs, **FRIEDERICHS & THOMPSON, P.A.**, 1120 East 80th Street, Suite 106, Bloomington, MN  55420, for plaintiff.

Marko J. Mrkonich and Jacy Rubin Grais, **LITTLER MENDELSON**, 33 South Sixth Street, Suite 3110, Minneapolis, MN  55402, for defendant.

Plaintiff Thomas Smith ("Smith") brought this lawsuit against his former employer, defendant Rockwell Collins, Inc. ("Rockwell"), alleging age discrimination in employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A *et seq.*  Rockwell moves for summary judgment on all of Smith's claims.  For the reasons discussed below, the Court grants Rockwell's motion for summary judgment.

**BACKGROUND**

Smith was laid off from his position at Rockwell, an avionics equipment company, after the terrorist attacks on September 11, 2001.  Hoping that his position would reopen,

Smith told various supervisors that he would like his job back, and over the course of the following year, sent his resume to Rockwell and periodically called to see if his position had reopened.

In December 2002, Rockwell posted on its online job application web site a position in the same department where Smith had worked. This position was similar to Smith's old position. Rockwell asserts that all job applications must go through the online job application procedures. Although Smith was aware that this web site existed, and that he could submit his resume and apply for a job through the online procedures, he did not consult the web site in December,[1] and he never applied using the online application procedures.

Smith does not explain why he did not use the online application procedures, but claims that he was never told that the only way to apply for a job at Rockwell was to go through the online application procedures, and further, that he was told by people at Rockwell that they would contact him when a position became available. Rockwell did not contact Smith when the position became available.

In December 2002, Rockwell hired a different person, Orin Anderson, for the position. Anderson was 40 years old at the time; Smith was 50.

Smith claims that Rockwell refused to re-hire him when his old position reopened because of his age, in violation of the ADEA and the MHRA. Rockwell maintains that it

---

[1] Smith did consult the web site prior to December 2002 to see if his old position was available. Smith stated that he did not consult the web site in December because he was busy with other unrelated matters.

did not know Smith had intended to apply for the job and did not refuse to hire him because of his age.

## ANALYSIS

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view all of the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II.  AGE DISCRIMINATION UNDER THE ADEA AND THE MHRA

Claims under the ADEA and the MHRA are analyzed under the *McDonnell Douglas* burden-shifting framework.  *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1036 (8th Cir. 2005); *Dietrich v. Canadian Pacific Ltd.*, 536 N.W.2d 319 (Minn. 1995) (holding that *McDonnell Douglas* applies to age discrimination claims under the MHRA).

### A.     Smith's Prima Facie Case

Under the first part of the *McDonnell-Douglas* framework, Smith is required to make out a prima facie case of age discrimination.  In the failure-to-hire context, Smith must allege that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which Rockwell was seeking applicants; (3) he was rejected; and (4) Rockwell continued to seek applicants from persons of Smith's qualifications. *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1216 (8th Cir. 1990).

There is no dispute that Smith's claims satisfy three of the four elements to the prima facie case:  (1) he was 50 years old at the time of the allegedly discriminatory acts, placing him in the protected class under the ADEA and the MHRA; (3) Smith was not offered the position, and (4) Rockwell sought applications from others similarly qualified, and ultimately hired a 40-year-old man for the position.  Thus, the only issue with respect to Smith's prima facie case is whether he "applied" for the position.

Courts have held that a plaintiff's failure to formally apply for a job will not necessarily bar the plaintiff from establishing a prima facie claim, "as long as the plaintiff made every reasonable effort to convey his interest in the job to the employer." *Chambers*, 909 F.2d at 1217 (citing *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 568 (8th Cir. 1982)).  Showing that an application was made is ordinarily "a minimal obstacle." *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).  Courts are most likely to relax the "application" element when the employer had specific notice of the plaintiff's interest in the job notwithstanding the lack of formal

application, the job opening was not officially open or advertised, or where the application process itself is suspect. *See*, *e.g.*, *Paxton*, 688 F.2d at 568; *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1251 (10th Cir. 1992); *Metal Serv.*, 892 F.3d at 349.

Courts have also held, however, that if an employer follows a firm hiring procedure, the employer is allowed to enforce the policy. *See Grant v. Harcourt Brace Coll. Publishers*, 191 F.3d 452 (6th Cir. 1999) (unpublished disposition); *Williams v. Hevi-Duty Elec. Co.*, 819 F.2d 620, 629 (6th Cir. 1987). Therefore, whether a particular plaintiff will be found to have "applied" for a job will depend heavily on the circumstances of the individual case.

Viewing the facts in the light most favorable to Smith and giving him the benefit of all reasonable inferences that can be drawn from the facts, the Court finds that Smith applied for the position. Smith told people at Rockwell that he wanted his old job back, and he claims to have submitted a hard copy of his resume to Rockwell.[2] Further, Smith claims that no one at Rockwell specifically told him that the online application process was the only way to apply for a job, and that he was actually told by one of Rockwell's employees that Smith would be contacted if his old job reopened. Based on this representation, Smith could reasonably have relied on Rockwell's assurance that he would be contacted, and concluded that he did not have to use the online application procedures.

---

[2] Rockwell claims that it never received Smith's resume. Smith cannot remember, and has no record of, who he sent his resume to, or when exactly the resume was sent.

Based on these facts, Smith satisfied the "application" element of his prima facie case, and the burden therefore shifts to Rockwell to articulate a legitimate, non-discriminatory reason for failing to hire Smith. See, e.g., *McDonnell-Douglas*, 411 U.S. at 802; *Haas*, 409 F.3d at 1036; *Dietrich*, 536 N.W.2d 319.

### B.  Rockwell's Legitimate, Non-Discriminatory Reason

Rockwell claims that it did not offer Smith the position because he had not applied for it online as was required, and therefore Rockwell was not aware that he had intended to apply for the job. This reason satisfies the second *McDonnell Douglas* prong, and therefore, the burden shifts back to Smith to show that the articulated reason was a pretext. *Floyd v. Mo. Dep't of Soc. Servs.*, 188 F.3d 932, 936 (8th Cir. 1999).

### C.  Pretext

At this stage, Smith "can avoid summary judgment only if the evidence considered in its entirety (1) creates a fact issue as to whether [the employer's] proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision." *Haas*, 409 F.3d at 1036 (quoting *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1336-37 (8th Cir. 1996)). As the court in *Haas* noted, even though the burden of production shifted to Rockwell at the second stage of the *McDonnell Douglas* framework, the ultimate burden of persuading the factfinder of intentional age discrimination rests with Smith. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Rothmeier*, 85 F.3d at 1332; *Burdine*, 450 U.S. 248 (1981)); see also *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1102 (8th Cir. 1996)

(a plaintiff cannot prevail unless he has introduced evidence that will suffice to show intentional discrimination).

Thus, even if Rockwell's articulated reason was not the real reason it failed to rehire Smith, summary judgment would not necessarily be precluded. *Floyd*, 188 F.3d at 937 (citing *Rothmeier*, 85 F.3d at 1335). The Eighth Circuit has held that showing that a proffered reason is "pretext" means showing that the proffered reason is a "pretext *for discrimination*," meaning that the reason was false and that discrimination was the real reason. *Id.* (emphasis in original); *see also Kohrt v. Midamerican Energy Co.*, 364 F.3d 894, 898 (8th Cir. 2004); *Sherpell v. Humnoke Sch. Dist. No. 5*, 750 F. Supp. 971, 995 (E.D. Ark. 1990).

The Court holds that Smith fails to show that Rockwell's proffered reason was actually a pretext for discrimination. Smith alleges that he was not hired, that someone else younger was hired, and that Rockwell knew or should have known that Smith applied for the position. Rockwell offered specific evidence showing that the person hired was at least as qualified as Smith (*i.e.*, Anderson had many years of experience working in avionics for both commercial jets and small corporate and private jets), which Smith does not dispute. Smith, however, offers no evidence that he was not hired because of his age.

Further, notwithstanding Smith's conversations with former colleagues at Rockwell regarding his employment, it is not disputed that although Smith knew of the online application procedures, he chose to not apply online. Even assuming that Smith mailed his resume to Rockwell and that he told them he wanted to apply for his job,

Rockwell employs several thousand people worldwide, and over a year had passed since Smith was laid off. There is nothing in the record of this case to indicate that Rockwell's failure to contact Smith when the position became available was intentional or motivated by a discriminatory animus toward Smith because of his age.

Because Smith failed to show any evidence that Rockwell's proffered reason was actually a pretext for discrimination, Smith's claims for age discrimination fail as a matter of law.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Rockwell's Motion for Summary Judgment [Docket No. 21] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 7, 2005                              s/ John R. Tunheim
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                       United States District Judge